UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | CRIMINAL NO. 04-10272-RCL |
| ) | |
| DAVID ALLEN ) | |

DEFENDANT'S PRELIMINARY MEMORANDUM
IN SUPPORT OF MOTION TO SUPPRESS

Defendant David Allen respectfully submits this memorandum in support of his motion to suppress the fruits of his illegal stop and subsequent arrest on June 21, 2004.

Since the stop and arrest of Allen were not supported by a warrant, the government has the burden of showing that the challenged police actions were lawful.  See, e.g., United States v. Cruz Jimenez, 894 F.2d 1, 6 (1st Cir. 1990).  Defendant reserves the right to amend or supplement this memorandum in response to the government's reply and to the extent that additional discovery and investigation make necessary.

PRELIMINARY SUMMARY OF FACTS

On June 21, 2004, defendant was walking on Washington Street in Dorchester, Massachusetts, in the direction of Columbia Road.  While continuing on Washington Street, he walked past the Morse Street intersection and was proceeding to the next intersection, Brinsley Street.  As he walked, a police cruiser pulled onto the sidewalk in front of him, blocking his

path.  Several officers stepped out.  One officer asked Allen for his name and then frisked him.  See Affidavit of David Allen, submitted with this motion and memorandum.

Contrary to the allegations of the police, defendant had not fled from the police, nor was he among the persons congregating on the Morse side street.

ARGUMENT

I.   THERE WAS NO REASONABLE SUSPICION TO SUPPORT THE STOP

A <u>Terry</u> stop requires specific articulable facts to support a police officer's reasonable suspicion "that criminal activity may be afoot."  <u>Terry v. Ohio</u>, 392 U.S. 1, 30 (1968).  The <u>Terry</u> court set forth a two-prong inquiry, asking first "whether the officer's action was justified at its inception," and, second, "whether it was reasonably related in scope to the circumstances which justified the interference in the first place."  <u>Terry</u>, 392 U.S. at 20.

This stop was not founded on articulable facts supporting a reasonable suspicion of criminal activity.  Defendant disputes the contention of the police that he was among a group of person congregating on Morse Street and that he fled onto Washington Street with police in pursuit.  The government has the burden of establishing such facts in support of its claim that a <u>Terry</u> stop was justified.

Defendant submits that he was peacefully walking on Washington Street when he was without justification stopped and frisked by police. He submits that the stop was unwarranted and that the fruits of the stop must be suppressed.

II. THERE WERE NO CONSTITUTIONAL GROUNDS TO CONDUCT A FRISK

Reasonable suspicion and the manner of the stop aside, there is the separate issue whether the frisk was permissible. In a recently released opinion, Judge Woodlock noted that a Terry stop does not permit an "automatic frisk" of the suspect:

> This is not to say that officers are entitled to frisk anyone they briefly detain. To have an adequate foundation for such limited searches, the officer "must have constitutionally adequate, reasonable grounds for doing so." Sibron v. New York, 392 U.S. 40, 64, 20 L. Ed. 2d 917, 88 S. Ct. 1889 (1968). "[The officer] must be able to point to particular facts from which he reasonable [sic] inferred that the individual was armed and dangerous." Id.

United States v. Omar Sharif McKoy, 2004 U.S. Dist. LEXIS 24945, 2004 WL 2851950 (D. Mass. Dec. 9, 2004). The court expressed concern lest Terry devolve into "an automatic frisk rule in practice" where "the Fourth Amendment rights of citizens ... will be eviscerated." Id. at 12.

Applied here, Terry required that the police have reason to believe that defendant was armed and dangerous. Id. at 27 [emphasis added]. Police had no such information. Compare United States v. Osbourne, 326 F.3d 274, 278 (1st Cir. 2003) ("This was not a case involving an unknown suspect; [the

-3-

detective] had specific information that Osbourne was 'always' armed with a semi-automatic weapon and was a member of a violent street gang.")

Since there was no basis to believe that defendant was armed and dangerous, the frisk and its fruit must be suppressed.

## CONCLUSION

For each of these reasons, this Court should suppress the fruits of the stop and search of defendant on June 21, 2004.

>                             DAVID ALLEN
>                             By his attorney,
>
>                             /s/ Charles P. McGinty
>
>                             Charles P. McGinty
>                               B.B.O. #333480
>                             Federal Defender Office
>                             408 Atlantic Avenue, 3rd Floor
>                             Boston, MA  02110
>                             Tel: 617-223-8061

September 21, 2005